FILED

2021 May-25  AM 11:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALICE GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-1930-GMB |
| | ) | |
| COSTCO WHOLESALE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alice Goss filed a First Amended Complaint alleging violations of Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the American with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA") by her employer Defendant Costco Wholesale Corporation ("Costco"). Doc. 11.  Before the court is Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint. Doc. 15.  Specifically, Defendant seeks dismissal of Plaintiff's FMLA claim and her Title VII and ADA claims that pertain to alleged discrimination allegedly occurring more than 180 days before the filing of her EEOC charge. Doc. 15 at 3–9.  Plaintiff filed a response in opposition to the motion (Doc. 21) and Defendant filed a reply (Doc. 24) in support.  The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Doc. 17.  For the following reasons, the partial motion to dismiss is due to

be granted in part and denied in part.

## I.  STANDARD OF REVIEW

Defendant moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of all or some of the claims in a complaint if the allegations fail to state a claim upon which relief may be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," which is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The court assumes that the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Fin. Grp*., LLC, 551 F.3d 1223, 1224 (11th Cir. 2008).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Nor is it proper to assume that a plaintiff can prove facts she has not alleged or that the defendants have violated the law in ways that have

not been alleged. *Twombly*, 550 U.S. at 563 n.8 (citing *Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983))

## II. RELEVANT STATEMENT OF FACTS

Gross, a 63-year-old white female, began working for Costco on approximately July 1, 1999. Doc. 11 at 2.  Gross has limited use of her right arm from complications related to breast cancer. Doc. 11 at 3.  The limitations to her right arm affected her performance of "ancillary, non-essential tasks" but her "performance remained good as to her essential job functions." Doc. 11 at 3.

In September 2015, Clin Warren, a black man, became the new general manager at the Costco facility where Gross worked. Doc. 11 at 3.  Gross contends that he "started targeting white, Caucasian supervisory personnel" and "disciplined and documented each until he believed enough documentation existed to support a demotion or termination." Doc. 11 at 4.  Warren then replaced those white supervisors with black individuals. Doc. 11 at 4.

Following this pattern, Warren "started subjecting Plaintiff to increased and unwarranted scrutiny" because of her race and gender.[1] Doc. 11 at 4, 5.  In December 2017, Warren issued Gross her first "Letter of Concern" in her 18 years of employment. Doc. 11 at 4.  The letter was "related to responsibilities impacted by

---

[1] Warren did not scrutinize or discipline black male supervisors who committed similar infractions. Doc. 11 at 5.

the limited use of her arm" despite Warren's knowledge of her health condition and physical limitations. Doc. 11 at 4.   Warren issued Gross a second written letter in March 2018 "clarifying his previously stated 'areas of concern.'" Doc. 11 at 4.  In June 2018, Warren issued a third letter "related to responsibilities that her arm's limited use adversely affected." Doc. 11 at 4–5.  That letter resulted in Gross' demotion from the staff-level manager position to an assistant front-end manager, and the demotion reduced her compensation. Doc. 11 at 4–5.  Then, in February 2019, Warren again demoted Gross "citing her past performance and failure to correct it." Doc. 11 at 5.

Gross complained to Julie Cruz, the regional manager, about Warren's discriminatory treatment, but Cruz "brushed off the complaints." Doc. 11 at 5. Costco did not take any action against Warren based on Gross' complaints and Gross was not restored to her prior position. Doc. 11 at 5.  However, Gross then complained about Warren's treatment of her to a Costco executive vice president. Doc. 11 at 5. After this complaint, Warren was demoted and transferred to a new location. Doc. 11 at 5.  But before he was transferred Warren "retaliated against Plaintiff due to her complaints" by demoting her and again reducing her compensation. Doc. 11 at 5–6. The person who took her place was a newly hired 31-year-old woman without a disability. Doc. 11 at 6.

# III.  DISCUSSION

As stated above, Defendant moves to dismiss Plaintiff's FMLA claim and portions of her Title VII and ADA claims. Doc. 15 at 3–9.  Specifically, Defendant contends that Plaintiff's FMLA claim is due to be dismissed because she failed to allege that she requested leave under the FMLA. Doc. 15 at 4–7.  Additionally, Defendant contends her Title VII and ADA discrimination claims that occurred more than 180 days before the filing of her EEOC charge are due to be dismissed as a matter of law. Doc. 15 at 7–9.  The court addresses each argument below.

## A.  FMLA Interference Claim

The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).  To establish an interference claim, "an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." *Strickland v. Water Works & Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001); *O'Connor v. PCA Family Health Plan, Inc*., 200 F.3d 1349, 1353–54 (11th Cir. 2000).  "While suffering from a serious health condition is necessary, it is not sufficient for an employee to earn FMLA leave.  She must also give her employer notice of her need for leave . . . and she can state an interference claim only if she gave proper notice." *White v. Beltram*

*Edge Tool Supply, Inc*., 789 F.3d 1188, 1195 (11th Cir. 2015) (citing *Hurley v. Kent of Naples, Inc*., 746 F.3d 1161, 1167 (11th Cir. 2014)).

The amended complaint is devoid of any factual allegations reflecting Plaintiff's notice to Defendant of the need for leave under the FMLA.  In fact, there are no allegations regarding the need for leave of any type.  Instead, the allegations center on Defendant's knowledge of her serious medical conditions.[2]  Without this fundamental allegation of proper notice of her need to take leave, Plaintiff's FMLA claim necessarily fails.

Moreover, the court rejects Plaintiff's argument that Defendant waived this argument under Federal Rule of Civil Procedure 12(g) by not raising it in the first motion to dismiss. Doc. 21 at 3–5.  Rule 12(g) prohibits the filing of a second motion to dismiss "raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); *see also Skritch v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) ("Rule 12(g) specifically prohibits a party that has previously filed a motion to dismiss from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss . . . .").  The filing of an amended complaint does not create a general

---

[2] Plaintiff states that she "took approved leave under the FMLA associated with her health condition" in Count IV delineating her interference claim under the FMLA. Doc. 11 at 9. However, there are no facts associated with this statement and no references to any sort of interference with her past leave.  She does not bring a claim for retaliation under the FMLA.

exception to that rule, but "if the amended complaint [] contains new matter, the defendant may bring a second motion under Rule 12 to object to the new allegations only." *Sears Petroleum & Transport Corp. v. Ice Ban American, Inc*., 217 F.R.D. 305, 307 (N.D. N.Y. 2003) (citing *Gilmore v. Shearson/American Express*, 811 F.2d 108, 112 (2d Cir. 1987)).

Plaintiff contends that her amended complaint does not contain new allegations related to her FMLA claim. That contention is incorrect. Instead, her original complaint alleged that Defendant "den[ied] her protected leave" (Doc. 1 at 11) which permits a reasonable inference that she first made a request that was denied. The amended complaint, however, omits this allegation. For this reason, the motion to dismiss Plaintiff's FMLA claims does not run afoul of Rule 12(g).

Accordingly, Plaintiff's FMLA claim fails as a matter of law and the partial motion to dismiss is due to be granted as to this claim.

**B.    Title VII and ADA Claims**

The timely filing of an EEOC charge of discrimination within 180 days of an alleged discriminatory act is a condition precedent to bringing suit under either Title VII or the ADA. 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a); *see also, e.g.,* *Maynard v. Pneumatic Products Corp*., 256 F.3d 1259, 1262 (11th Cir. 2001) ("An ADA plaintiff has the burden of proving all conditions precedent to filing suit, including the condition that he timely filed with the EEOC.") (citation omitted);

*Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII.").  Plaintiff filed her EEOC charge on August 8, 2019. Doc. 5-1.  Defendant thus contends that the allegations in the amended complaint relating to events before her February 2019 demotion are time-barred. Doc. 15 at 7–9.  More specifically, Defendant argues that Counts III and IV, alleging disability and gender discrimination, seek relief for acts that occurred more than 180 days before Plaintiff filed her EEOC charge. Doc. 15 at 8–9.

In response Plaintiff explains that she amended her complaint after the first motion to dismiss and asserts that "for each cause of action . . . language was added confirming the claims and any damages sought relate to her 2019 demotion." Doc. 21 at 2.  She maintains that the references in the factual allegations to actions taken in 2017 and 2018, admittedly occurring outside the 180-day window, are present "to create an inference that its later conduct in February 2019 . . . was illegally based." Doc. 21 at 2.  The court agrees with Plaintiff that her gender discrimination and ADA claims are based solely on the February 2019 demotion.  For this reason, the partial motion to dismiss is due to be denied as to her ADA and gender discrimination claims.

## C.   Leave to Amend

As an alternative to dismissal, Plaintiff seeks leave to amend her complaint to

fix any deficiencies. Doc. 21 at 7.  A district court's discretion to dismiss a complaint without granting leave to amend "is severely restrict[ed]" by Federal Rule of Civil Procedure 15(a), "which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks and citation omitted).  Generally, where a more carefully drafted complaint might state a viable claim, a district court must give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  However, a district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Id*.

The court finds that these circumstances are not present here, and therefore will allow Plaintiff the opportunity to amend her complaint to attempt to state a claim under the FMLA.  Because the first motion to dismiss did not address the FMLA claim, the court rejects the Defendant's contention that Plaintiff is seeking a third opportunity to properly plead this claim.

## IV.  CONCLUSION

For these reasons, it is ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 15) is GRANTED in part and DENIED

in part, Plaintiff's FMLA claim is DISMISSED without prejudice.  All other claims as stated in the amended complaint remain.

Plaintiff will be allowed the opportunity to file a second amended complaint to attempt to correct the deficiencies in her FMLA claim.  Plaintiff shall file a complete second amended complaint on or before **June 8, 2021**.  This second amended complaint must be an entire stand-alone complaint and must set forth each and every allegation and claim without reincorporating allegations and claims from any other pleading.  Plaintiff's failure to file a second amended complaint within the time allotted will result in the dismissal with prejudice of her FMLA claim.

DONE and ORDERED on May 25, 2021.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE